Samuel Lee BYNUM, Plaintiff,

v.

C.W. KIDD and Jim Kirk, of the Mecklenburg County Sheriff's Department, Defendants.

No. C-C-83-269-M.

United States District Court, W.D. North Carolina, Charlotte Division.

Sept. 15, 1983.

Samuel Lee Bynum, pro se.

James O. Cobb, Ruff, Bond, Cobb, Wade & McNair, Charlotte, N.C., for defendants.

## FINAL ORDER OF DISMISSAL

McMILLAN, District Judge.

Plaintiff seeks compensation for the loss of personal property entrusted to jail personnel during plaintiff's six-week confinement in the Mecklenburg County jail. The bases for plaintiff's claim are 42 U.S.C. § 1983 and its jurisdictional counterpart, 42 U.S.C. § 1343.

Defendants have moved to dismiss the claim, citing *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) in support of their motion. *Parratt* held that a claim for property lost by jail personnel during claimant's incarceration does not state a cause of action under 42 U.S.C. § 1983 if there is an available state remedy to compensate the claimant fully for the property loss suffered. 451 U.S. at 543–544, 101 S.Ct. at 1916–17. The Court in *Parratt* held that although the prisoner had suffered a deprivation of property within the meaning of the Fourteenth Amendment, "all the process due was provided by the State's tort claims procedure." *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 435, 102 S.Ct. 1148, 1157, 71 L.Ed.2d 265 (1983). N.C.G.S. § 109–34 provides a means by which plaintiff in this case can receive redress for his loss. Accordingly, this action will be dismissed.

This court expressly notes, however, that dismissal is in order only because plaintiff's property loss claim is the sole claim in this suit. *Parratt* does not require dismissal of a state claim which is pendent to a valid federal claim. Thus, if a "common nucleus of operative fact" generates both a valid federal claim and a state claim such as the one in this case, then a trial court can properly exercise its discretion to adjudicate both claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

IT IS THEREFORE ORDERED that this suit is DISMISSED without prejudice.